[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the Judicial District of New Haven. Many of the facts that give rise to this action are not in dispute. The plaintiff and the defendant whose maiden name is Theresa A. Decola were married in New Haven, Connecticut on May 17, 1960. The plaintiff has resided continuously in the state of Connecticut for at least 12 months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are no minor children issue of this marriage and the defendant does not have any minor and neither party has received state assistance. The parties do have two adult children issue of this marriage.
The parties are in dispute as to the cause of the breakdown of the marriage. From the evidence presented the court finds that the plaintiffs conduct is the cause of the breakdown of the marriage.
The plaintiff's present gross weekly income as a night shift supervisor for Anthem Cross-Blue Shield is $1,051.63 his net weekly income is $792.00. He has liabilities totaling $9,155.00. The parties own a family home located at 94 Colonial Drive, Wallingford, Connecticut. The fair market value of that home that was purchased in 1986 is $135,000.00. It has a mortgage balance of $57,000.00 and an equity of $78, 000.00. The parties also own a time share in the Berkshires with a total value of $10, 000.00. The plaintiff has an IRA with a present value of $3,029.64. He also has a 401K Plan with a present value of $31,000.00. He also has a pension plan with a present value of $104,607.91. Although not shown in the totals on his financial affidavit, the balance that the plaintiff owes to American Express is approximately $2,000.00, thereby increasing his total liabilities to CT Page 11567 approximately $11,155.00. The CITGO Account shown on the plaintiffs financial affidavit with a balance of $175.00 is the same CITGO Account shown on the defendant's financial affidavit with a balance of $150.00. All of the assets that the parties own were accumulated during the marriage. The plaintiffs financial affidavit shows equity loans of $13,980.00. That is an equity loan that is on the family home, which when added to the mortgage balance that he shows of $42,958.00 approximately equals the mortgage balance that the defendant shows on her financial affidavit on the family home. Although not shown on either financial affidavit the parties also own two cemetery plots. The plaintiff has a vested interest in the estate of his cousin, Earling. He estimates that he will receive approximately $4,000.00 from that estate. Although not shown on his finacial affidavit his does have some cash surrender value to his life insurance policy. The cash surrender value of his life insurance policy with Hartford Life is $6,667.28.
The defendant is in general good health.
The defendant's present gross weekly income as an officer manager is $450.00. Her net weekly income is $339.99. She has liabilities totaling $1,250.00. Her present cost for health insurance is $213.00 monthly that includes prescription. Her employer pays $218.00 monthly towards that health insurance. She has an IRA with a present value of $3,029.64. She also has a profit sharing plan with a present value of $4,327.00. Her cost to obtain COBRA benefits under the plaintiffs insurance including dental would be $279.66 monthly. The health plan provided by her employer includes prescription but does not include dental. Part of the present home equity loan with a balance of approximately $14,000.00 was used to purchase the time share.
This court has considered the provisions of Section 46b-82
regarding the issue of and has considered the provisions of Section 46b-81(c) regarding the issue of division and has considered the provisions of Section 46b-62 regarding the issue attorney's fees. The court enters the following orders:
A. By Way of Dissolution of Marriage
1. The marriage between the parties is dissolved and each party is declared to be and unmarried.
B. By Way of Alimony
CT Page 11568
1. The plaintiff is ordered to pay to the defendant alimony in the sum of $300.00 week.
2. Alimony is to terminate upon the death of the plaintiff or the defendant or the of the defendant.
3. The provisions of Section 46b-86(a) and 46b-86(b) are applicable.
4. The plaintiff is to cooperate with the defendant in obtaining COBRA benefits his health insurance if desired by her at her sole expense.
5. The amount of life insurance that the plaintiff presently has through his employer is $64,000.00. He is to maintain that life insurance for the name in the defendant as irrevocable beneficiary for so long as there is an outstanding alimony order or any arrearage. Commencing October 1, 1999 and annually thereafter he is to provide to the defendant written proof that said policy is in full force and effect without any loans against said policy.
C. By Way of Property Orders
1. The plaintiff is to pay all of the liabilities shown on his financial affidavit including the American Express liability with a balance of approximately $2,000.00 and hold the defendant harmless therefrom including the CITGO liability.
2. The defendant is to pay all of the liability shown on her financial affidavit and hold the defendant harmless except for the CITGO liability. The parties are to immediately cancel that credit card.
3. The plaintiff is to quit-claim to the defendant all of his right, title and interest in the family home at 94 Colonial Drive, Wallingford, Connecticut. She is to pay the first mortgage and the home equity line and hold him harmless therefrom.
4. The defendant is to quit-claim to the plaintiff all of her right, title and interest in the time share owned by the parties.
5. All of the plaintiffs interest in his IRA with a balance of $3,029, 64 is awarded to the plaintiff and all of the CT Page 11569 defendant's interest in her IRA with a balance of $3.029.64 is awarded to the defendant.
6. The defendant's profit sharing plan with a balance of $4,327.00 is awarded to the defendant.
7. The plaintiffs 401K Plan with a balance of $31,005.00 is awarded to the plaintiff.
8. The plaintiff is awarded up to the first $4,000.00 that he receives from the Estate of Earling. In the event he receives any sums in excess of $4,000.00, then such excess is to be divided equally between the parties.
9. All the furniture and furnishings at the family home at 94 Colonial Drive, Wallingford, Connecticut are awarded to the defendant.
10. All of the furniture and furnishings at the time share in the Berkshires are awarded to the plaintiff.
11. The plaintiffs pension plan is ordered divided equally by Quadro. The defendant is responsible for preparing the Quadro. The court retains jurisdiction over any disputes regarding the language of the Quadro.
12. The plaintiff is to transfer to the defendant all of his interest in the two-family burial plots.
13. The defendant shall become the owner of the plaintiffs life insurance policy with the Hartford Insurance Company in the current amount f $100,000.00. The defendant shall be liable for the payment of all premiums hereinafter due. The cash surrender value in the policy of $6,667.00 is awarded to the plaintiff. In the event the defendant cannot become the owner of the policy without retaining the cash surrender value in the policy then she is to pay to the plaintiff from separate funds the $6,667.00 cash surrender value of the policy at which time she is to become the owner of the policy together with the cash surrender value of the policy.
14. All transfers of assets are to be completed by September 27, 1999.
D. By Way of Attorney's Fees
CT Page 11570
1. No attorney's fees are awarded in favor of either party.
E. Miscellaneous Orders
1. The plaintiff is to prepare the judgment file within thirty days and send it to counsel for the defendant for signature and filing.
2. The parties are to exchange copies of their Federal and State income tax returns for so long as there is an outstanding alimony order or any arrearage thereto.
Sidney Axelrod, Judge